# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| SHASTA BURTON, | ) | CASE NO. 3:24-cv-00685-PAB |
| | ) | |
| Petitioner, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | REUBEN J. SHEPERD |
| WARDEN GEORGE FREDERICK, | ) | |
| | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Respondent, | ) | |

## I.      Introduction

On April 8, 2024, Petitioner Shasta Burton ("Burton"), a prisoner in state custody, filed a *pro se* petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. (ECF Doc. 1). On September 25, 2024, Respondent filed his Return of Writ. (ECF Doc. 6). Burton filed his Traverse on November 24, 2024. (ECF Doc. 9). This matter is therefore ripe for review.

The District Court has jurisdiction over the petition under § 2254(a). On April 16, 2024, pursuant to Local Civil Rule 72.2, this matter was referred to me to prepare a Report and Recommendation. (Non-document entry of Apr. 16, 2024). I recommend that the District Court deny Burton's petition as to the first two grounds for relief because they raise claims that are not cognizable under federal habeas corpus review. As to the third ground, I recommend that it be dismissed because this Court lacks jurisdiction over that claim.

## II.    Factual Background

Ohio's Sixth District Court of Appeals detailed the facts of the case on direct appeal. These factual findings are presumed correct unless Burton rebuts this presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). The Sixth District Court of Appeals presented the facts as follows:

> {¶ 3} On June 24, 2021, appellant was indicted on three charges: felonious assault in violation of R.C. 2903.11(A)(2) and (D), a first degree felony, with a firearm specification in violation of R.C. 2941.145(A), (B), (C) and (F); discharge of a firearm on or near prohibited premises in violation of R.C. 2923.162(A)(3) and (C)(2), a third degree felony, with a firearm specification in violation of R.C. 2941.145(A), (B), (C) and (F); and receiving stolen property in violation of R.C. 2913.51(A) and (C), a fourth degree felony, with a firearm specification in violation of R.C. 2941.141(A), (B), (C) and (F).

> {¶ 4} On January 13, 2022, appellant executed a plea form and entered a plea of guilty to felonious assault in violation of R.C. 2903.11(A)(2) and (D), a felony of the first degree, with a one-year firearm specification in violation of R.C. 2941.141(A), (B), (C) and (F). The trial court accepted the guilty plea and found appellant guilty.

> {¶ 5} On February 7, 2022, appellant was sentenced to a minimum prison term of three years and a maximum indefinite prison term of four and one-half years.

> {¶ 6} Appellant appealed, seeking to have his sentence vacated.

*State v. Burton*, No. L-22-1105, 2023 WL 3405013, *1 (Ohio Ct. App. May 12, 2023) ("*Burton I*").

## III.    State Court History

On June 24, 2021, Burton was indicted for felonious assault in violation of Ohio Revised Code ("ORC") §§ 2903.11(A)(2) and (D); discharge of a firearm on or near prohibited premises in violation of ORC §§ 2923.162(A)(3) and (C)(2); and receiving stolen property in violation of ORC §§ 2913.51(A) and (C). (ECF Doc. 9-1, p. 4). Each count contained a firearm specification

pursuant to ORC §§ 2941.145(A), (B), (C), and (F). (*Id.*). Burton, with counsel, pled not guilty on June 30, 2021. (*Id.* at p. 9).

On January 13, 2022, Burton executed a plea agreement and pled guilty to the felonious assault count with a one-year firearm specification. (*Id.* at pp. 10-12). The executed plea agreement stated that Burton understood by pleading guilty he faced a minimum prison term of 4 to 5.5 years in prison and a maximum of 12 to 16.5 years in prison. (*Id.* at p. 10). Additionally, he faced a maximum fine of $20,000. (*Id.*). In exchange for his plea, the State of Ohio agreed to dismiss the discharge of a firearm on or near prohibited premises and receiving stolen property counts in addition to agreeing to a four-year prison sentence. (*Id.*).

The plea agreement contains a "Voluntary Plea" section that states:

> The charges have been explained to me by my attorney and the Court. I understand the nature of the charges and the possible defenses I might have. I am satisfied with my attorney's advice, counsel and competence. I am not now under the influence of drugs or alcohol. No threats have been made to me. No promises have been made except as outlined in the written plea agreement. I enter this plea voluntarily.

(*Id.* at p. 11).  The agreement also contains a section that states "[b]y pleading guilty I admit committing the offense and will tell the Court the facts and circumstances of my guilt." (*Id.*).

At the plea hearing, Burton's attorney addressed the court and stated that Burton was withdrawing his previous not guilty plea and entering a guilty plea to one count of felonious assault with a one-year firearm specification. (ECF Doc. 6-2, pp. 4-5). During its colloquy, the court asked Burton if he understood the allegations for which he was charged and that by entering a plea of guilty he was making a complete admission. (*Id.* at p. 9). Burton responded "Yes, ma'am" to each question. (*Id.*). When asked why he was pleading guilty, Burton responded "I did commit the act[.]" (*Id.* at p. 14). The court accepted Burton's plea the same day. (*Id.* at p. 15, ECF Doc. 6-1, p. 12-13).

3

Burton was sentenced on February 7, 2022, to an aggregate prison term of four to five and a half years. (*Id.* at pp. 17-18). He was given 239 days of jail time credit and notified of his appellate rights. (*Id.* at p. 18).

Burton appealed his conviction to Ohio's Sixth District Court of Appeals on May 6, 2022.[1] (*Id.* at p. 33). On appeal, he raised the following three assignments of error:

First Assigned Error: The trial court committed error by finding appellant guilty without a factual basis established supporting the crime.

Second Assigned Error: The trial court committed error by accepting appellant's plea, where his plea could not have been made intelligently.

Third Assigned Error: The trial court committed error by imposing fines and costs on appellant, without supporting the necessary findings.

(*Id.* at p. 64)[2]. The State of Ohio filed its appellee brief on August 5, 2022. (*Id.* at pp. 46-60). Burton filed a reply brief. (*Id.* at pp. 83-92). Ohio's Sixth District Court of appeals overruled each of Burton's assignments of error and affirmed his conviction on May 12, 2023. (*Id.* at pp. 93-107; *see also Burton I*, No. L-22-1105, 2023 WL 3405013).

Burton appealed to the Ohio Supreme Court on August 1, 2023.[3] (ECF Doc. 6-1, p. 108). Burton raised the following three propositions of law:

Proposition of Law No. 1
Where the record reveals a patent absence of sufficient factual basis to prove each of the essential elements of the offense of felonious assault at the plea hearing, Crim. R. 11(C), due process is offended and the guilty plea must be vacated. see: In re R.W. (8th Dist.), 2009 Ohio 1255; O.R.C. § 2903.11(A)(2); and, State v. Redman, 2016 Ohio 869, at: HN4. see also: U.S.C.A. Const. Amend. 14
Proposition of Law No. 2

---

[1] Burton filed an unopposed motion for delayed appeal. (ECF Doc. 6-1, pp. 20-28). The motion was granted on May 26, 2022. (*Id.* at pp. 29-32).
[2] Burton's initial brief was stricken from the record for failing to follow appellate rules. (*Id.* at pp. 61-62).
[3] Burton filed an unopposed motion for a delayed appeal. The Ohio Supreme Court granted the motion on September 26, 2023. (*Id.* at pp. 108-15, 131).

> Where a trial court fails to inform a defendant of the consequences of his guilty plea; the penalties involved (including jail time credit) and each of the essential elements of the offense, the plea is not knowingly, intelligently and voluntarily made. See: State v. Spivakov, 2013 Ohio 3343, at HN2; and, HN4

Proposition of Law No. 3

> Due process is offended where a trial court fails to make a factual inquiry and determination as per an indigent defendant's ability to pay costs, fines and fees, including consideration of *waiver; payment plan; and/or community service for which such failure would create a substantial hardship on appellant. see: State v. Wymer (6th Dist.), 2019 Ohio 1563, ¶14; Tomlinson v. Bradshaw, 2014 U.S. Dist. LEXIS 179630, citing: State v. Joseph, 125 Ohio St. 3d 76, at: HN3

(*Id.* at pp. 133-34). The state of Ohio waived its right to respond. (*Id.* at p. 154). The Ohio

Supreme Court declined to accept jurisdiction on December 12, 2023. (*Id.* at. p. 155).

## IV. Federal Habeas Corpus Petition

Burton brings three grounds for relief in his Petition. (ECF Doc. 1).

**GROUND ONE**: Conviction obtained in violation of the Due Process Clause of the Federal Constitution's Fourteenth Amendment where there did not exist **sufficient factual basis** to prove each of the essential elements of the offense alleging felonious assault thereby fatally undermining the **understanding the nature of the charges** requirement of Crim. R. 11. See: Henderson v. Morgan, 426 U.S. 637, at: 647.

**Supporting facts**:
 This case originated in the Lucas County, Ohio Common Pleas Court as the criminal matter entitled: State of Ohio v. Shasta Burton, Case No. CR 020101931, therein charging the offense(s) of:

'**felonious assault**,' in violation of O.R.C. Sec[t]ion 2903.11(A)(2) and (D); and (as is relevant here) a '**firearm specification**' pursuant to O.R.C. Section 2941.141(a), (B), (C) and (F.).

. . .

Petitioner challenges that there did not exist sufficient factual basis to prove each of the essential elements of the offense alleging: '**felonious assault**.'

Ohio Revised Code Section 2903.11(A) and (A)(2) defines those essential elements, to wit:

(A)    No person shall knowingly do either of the following:

(2)      Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordinance. id.

In State v. Berry, 2024 Ohio 923, the court clarified in specificity those essential element[s] for felonious assault as being:

"The elements of felonious assault are set forth in R.C. 2903.11, which provides in pertinent part:

"A guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts" Id., at: HN1

**and**:

"A plea cannot support a judgment of guilt unless it was voluntary in a constitutional sense. And clearly the plea could not be voluntary in the sense that it constituted an intelligent admission that he committed the offense unless the defendant '**received real notice**' of the '**true nature**' of the charge against him, the first and most universally recognized requirement of due process." Id., at: HN2. see also: State v. Sheppeard, 2023 Ohio 3278, at: HN1

In the state appellate court petition argued that "it was contrary to law and plain error where the trial court failed to require a factual basis demonstrating the elements of felonious assault because petitioner protected his innocence at sentencing."

Petitioner further averred that there was never a factual basis asserted by the state, no recitation of facts by the state and no other clear indication as to what the evidence would have demonstrated at trial.

Petitioner asserted that the state, at the plea hearing, "never provided a factual basis, despite discussing the charges of the indictment, the amendments of the indictment, and the recommendation of sentence for purposes of judicial release." Id., at: DECISION AND JUDGMENT, 6th Dist., at: *8.

The appellate court however found and held, that:

"A trial court is not required pursuant to Crim. R. 11(C) to set forth any factual basis for a guilty plea during a plea hearing." State v. Rothenbuhler, 6th Dist. Williams No. WM-15-008, 2016 Ohio 2869, *6." Id.

Rothenbuhler, 2016 Ohio 2869 in turn provides in relevant part, that:

"A trial court is not required pursuant to Crim. R. 11(C) to set forth any factual basis for a guilty plea during a plea hearing. "Implicit within Crim. R. 11(C), is the idea that a guilty plea constitutes a full admission of factual guilt that obviates the

need for a fact-finding trial on the charges." <u>State v. Shuffer,</u> 8th Dist. Cuyahoga Nos. 96480, 96481, 96482, and 96483, 2011 Ohio 6430, P10, citing <u>State v. Wilson,</u> 58 Ohio St. 2d 52, 388 N.E. 2d 745 (1979), paragraph one of the syllabus

Contrawise, *** Crim. R. 11(C)(2)(a) charges a trial court to a specific performance legal duty, to:

" . . . not accept a plea of guilty *** without first addressing the defendant personally *** and doing all of the following:
"(a) Determining that the defendant is making the plea voluntarily '**with the understanding**' of the nature of the charges ***." id.

Moreover, *** and in <u>In re R.W.,</u> 2009 Ohio 1255, at: HN7, the following language is found:

"To constitute felonious assault there must be some overt act directed toward physical harm which is beyond behavior that merely causes another to believe physical harm is imminent (the offense of aggravated menacing)." Id.

In <u>State v. Clark,</u> 1991 Ohio App. LEXIS 3353, at: HN4, the court furthered holding, that:

"The act of pointing a deadly weapon at another without additional evidence regarding the actor's intention, is insufficient evidence of felonious assault.: id.

No such evidence exists here, nor is [any] such evidence, advice, instruction or judicial notice evident in the appellate records. <u>see:</u> <u>In re S.B.S.,</u> 2023 Ohio 3273, at: HN2; and, HN7, and with which the prejudice has systematically attached.

This action respectfully follows.
. . .

**GROUND TWO**: Conviction obtained in violation of the Due Process Clause of the United States Constitution's Fourteenth Amendment where the trial court patently and unambiguously failed to inform the defendant of the consequences of his guilty plea. See: Boykin v. Alabama, 395 U.S., at 243; and, Crim.R.11(C)(2)(c).

**Supporting facts**: In raising this federal constitutional due process assignment, petitioner does so from the position that where, as here, a trial court does not adequately explain the consequences of a guilty plea, Crim.R.11(C)(2), including: "(a) determining that the defendant is making the plea voluntarily '**with the understanding**' of the nature of the charges ***." id., and penalty reduction appendages, i.e., jail-time credit; the full range of the elements of the offense and ensuring that the plea is actually being made knowingly, intelligently and voluntary, then the resulting plea (and the trial court's acceptance thereof) is constitutionally unsound and offends due process in recognition, that:

". . . the right to have the state prove guilt beyond a reasonable doubt is a constitutionally protected right of the accused." See; In re Winship (1970), 387 U.S. 364.

A trial court must strictly comply with Crim. R. 11(C)(2)(c), and there is no exception or exemption to the rule, . . . the constitutional duty is not to 'defense counsel', but to the court.

As was stated in the proceeding below, . . . in fulfilling the constitutional obligation of determining that the defendant understands the state's clear burden of proving each of the essential elements of the offense, it is inherently necessary that the court also determine that the defendant understands the elements of the offense with which the state has the burden of proving beyond a reasonable doubt.

In a mens rea or even actus reas context, determining that a defendant understands the state's burden of proof for 'felonious assault' is problematic for any la[y]-person unskilled in law, poorly educated and with a fragmented educational history.

The 'key' to such understanding (and the court's determination thereof) is whether the defendant can effectively comprehend his conduct in relation to the government's burden of proof, it is not enough that 'defense counsel' make such a bold, self-serving proffer at a plea colloquy because 'that duty' was and is squarely placed on the court as a matter of law.

Here, *** and recognizing that even 'jail-time credit' is a substantial right which if not properly determined results in a prima facie double jeopardy violation, there was and is no evidence in the record that a Booking Sheet from the sheriff or its representative was made part of the record and accordingly, no jail time credit was ever award. see: State v. Armstrong, 2017 Ohio 8070, at: *13; State v. Gordon, 2017 Ohio 7147, at: HN12; and State v. Farner (5th Dist.), 2012 Ohio 317, at: . see also: Wright v. Maryland Penitentiary, 429 F. 2d 1101, to wit:

"HN12 An order determining whether an offender receives jail-time credit affects a substantial right *** because receiving properly determined jail-time credit implicates the offender's liberty interest **in being free from unauthorized incarceration,** . . ." id., at: Gordon, supra.

"The trial court must determine and document how many days of jail-time credit a defendant is owed. State v. Clemons, 8th Dist. Cuyahoga No. 92054, 2009 Ohio 2726, at: *6" Id., at: Armstrong, supra, at: *P13 HN1

see also: O.R.C. 2929.19(BN)(2)(g)(i)–(iii); and, O.R.C. Section 2929.19(B)(2)(g)(iv), State v. Gustafson (1996), 76 Ohio St. 3d 425, 432 Petitioner's plea could never be knowingly and intelligently made where he had no knowledge, direction or notification by the court or defense counsel of his protected

federal right to jail-time credit and the effective of which renders the plea patently unconstitutional as a matter of law and fact.

So says basic fairness and due process of law.

. . .

**GROUND THREE**: Conviction obtained in violation of the Due Process Clause of the Federal Constitution's Fourteenth Amendment; and U.S.C.A. Const. Amend. 8 where trial court failed to make a full and fair factual inquiry and determination as per defendant's present and future ability to pay costs, fines and fees associated with his criminal prosecution. see: Tomlinson v. Bradshaw, 2014 U.S. Dist. LEXIS 179630. see also: State v. Wymer (6th Dist.) 2019 Ohio 1563, *14; and, State v. Joseph, 125 Ohio St. 3d 76, at: HN3

**Supporting facts**: The record in this case is clear the that trial court imposed substantial costs, fines and fees of which a trial court" . . . must affirmatively find the defendant has, or reasonably may be expected to have, the ability to pay.: id., at: **DECISION AND JUDGMENT**, dated: 'May 12, 2019,' Ohio Sixth District, at: *27 citing: State v. Gray, 6th Dist. Lucas No. L-15-1072, 2015 Ohio 5021, *20; and, State v. Taylor, 163 Ohio St. 3d 508, 2020 Ohio 6786, 171 N.E. 3d 290, *2 . . .

The appellate court further, holding that:

". . . If the appellate record does not include evidence reflecting the trial court's consideration of the defendant's present or future ability to pay discretionary costs, the imposition of these costs is improper and **must be vacated**. Ivey, at: *8. Id. see also: U.S.C.A. Const. Amend. 8

Such then is the case at bar.

Merely considering the record, the oral statements, and the PSI is not enough to effectively and accurately make such a determination.

Here, the state trial court made absolutely no assessment and determination as per whether such costs, fines and fees would create and result in an '**un-due hardship**,' nor was there any consideration of either: (1) a payment plan; (2) structured payments; (3) deferred payments; *waiver; or (4) community service which in prison to cover those fines, costs and fees. compare Bounds v. Smith, 430 U.S. 817; and, Ramsey v. Arnold, 2022 U.S. Dist. LEXIS 211473.

It has been historically recognized that the Eighth Amendment right to 'meaningful access to courts' also includes situates where fine, costs and fees are so strictly and oppressively imposed as to implicate a criminal defendant's ability to prepare, reproduce, and file document is courts of law and to challenge the fact and duration

of his confinement, then needless to say, such oppressive sanctions offend due process and violate the Eighth Amendment.

see: O.R.C. Section 2947.23(C); State v. Taylor, 2012 Ohio 5065; and, State v. McHenry, 2017 Ohio 7672, at: HN4.

. . .

(certain marks omitted) (*Id.* at pp. 8-16).

## V.    Federal Habeas Corpus Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996, PL 104-132, April 24, 1996, 110 Stat 1214, 110 Stat. 1214 ("AEDPA"), applies to Marshall's petition for writ of habeas corpus. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). "As amended by AEDPA, 28 U.S.C. § 2254 sets several limits on the power of a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). This is so because "[s]tate courts are adequate forums for the vindication of federal rights" and AEDPA thus acts as a "formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." *Burt v. Titlow*, 571 U.S. 12, 19 (2013). As such, AEDPA "dictates a highly deferential standard for evaluating state-court rulings which demands that state-court decisions be given the benefit of the doubt." *Bell v. Cone*, 543 U.S. 447, 455 (2005) (internal citation and quotation omitted).

Under 28 U.S.C. § 2254, federal courts may "entertain only those applications alleging that a person is in state custody 'in violation of the Constitution or laws or treaties of the United States'" and in most instances, federal courts may not grant habeas relief "unless . . . the applicant has exhausted state remedies." *Cullen*, 563 U.S. at 181, quoting 28 U.S.C. §§ 2254(a), (b), (c). Further, if an application for writ of habeas corpus involves a claim that was "adjudicated on the merits in State court proceedings," the application

shall not be granted . . . unless the adjudication of the claim —

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2); *Cullen*, 563 U.S. at 181; *Harrington v. Richter*, 562 U.S. 86, 100 (2011); *Matthews v. Ishee*, 486 F.3d 883, 889 (6th Cir. 2007). The burden of proof rests with the petitioner. *Cullen*, 563 U.S. at 181.

First, clearly established federal law for purposes of AEDPA review includes "the holdings, as opposed to dicta, of [U.S. Supreme Court] decisions." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). A state court decision is contrary to U.S. Supreme Court precedent if the state court arrives at a conclusion opposite that reached by the Court on a question of law or if the state court decides a case differently than the Court despite both cases having materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *White v. Mitchell*, 431 F.3d 517, 523 (6th Cir. 2005), *cert. denied*, 549 U.S. 1047 (2006). However, a state court does not act contrary to clearly established federal law where U.S. Supreme Court precedent is ambiguous or otherwise unavailable. *See, e.g., Mitchell v. Esparza*, 540 U.S. 12, 17 (2003) (per curiam).

A state court decision is an unreasonable application of Supreme Court precedent where the state court's adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-11; see also *Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir. 2000), *cert. denied*, 531 U.S. 1089 (2001). Under § 2254(d)(2), a state court's factual determination will stand unless it is objectively unreasonable in light of the evidence presented in state court. *Harrington v. Richter*, 562 U.S. 86, 100 (2011). "[A] federal habeas court may not grant relief simply because it concludes in its independent judgment that the relevant state-court

decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 365.

Next, "a determination of a factual issue made by a State court shall be presumed to be correct. [Petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2554(e)(1). And, as the U.S. Supreme Court has repeated, "a state court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion." *Burt*, 571 U.S. at 18. Federal courts must also defer to a state court's judgment on issues of state substantive and procedural law. *Murray v. Carrier*, 477 U.S. 478, 491 (1986); *Engle v. Isaac*, 456 U.S. 107, 128-29 (1982).

In all, federal habeas corpus relief is a "guard against extreme malfunctions in the state criminal justice systems," and is different in kind from the relief available in direct appeal. *Harrington*, 562 U.S. at 102-03; *see also Brown v. Davenport*, 596 U.S. 118, 133 (2022) (internal quotation omitted). Thus, to obtain "habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Harrington*, 562 U.S. at 103.

When a properly presented federal constitutional claim was not adjudicated on the merits in the state courts, the reviewing federal court must apply the pre-AEDPA standard, reviewing de novo questions of law and mixed questions of law and fact. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007) ("When the state court has not assessed the merits of a claim properly raised in a habeas petition, the deference due under AEDPA does not apply.").

**VI. Procedural Barriers to Federal Habeas Corpus Review**

Before coming to federal court, a state habeas petitioner must overcome certain procedural barriers, including exhaustion of state remedies and procedural default. *See Daniels v. United States*, 532 U.S. 374, 381 (2001). A federal court sitting in habeas review may review claims that were evaluated on the merits by the state court. But claims that were not evaluated by a state court, either because they were never fully presented to the state court (*i.e.*, state court remedies were unexhausted) or because they were not properly presented to the state court (*i.e.*, they are procedurally defaulted) are not available for federal habeas corpus review. *Bonnell v. Mitchel*, 301 F. Supp. 2d 698, 722 (N.D. Ohio 2004), *aff'd sub nom. Bonnell v. Mitchell*, 212 F. App'x 517 (6th Cir. 2007).

**A. Exhaustion**

A petitioner must first give the state courts a "*fair*" opportunity to act on his claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (emphasis in original). For a claim to have been fairly presented, the factual and legal basis of the claim asserted by the petitioner must have been raised at each and every stage of state review. *Wagner v. Smith*, 581 F.3d 410, 418 (6th Cir. 2009); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). It is not enough for the claim raised in state court to be "somewhat similar" to the one raised in the habeas petition or implicate the same facts; the state court must have been called upon to apply the legal principles of the claim now presented to the federal courts. *Jalowiec v. Bradshaw*, 657 F.3d 293, 304 (6th Cir. 2011).

The petitioner also must have presented their "claim to the state courts as a federal constitutional issue – not merely as an issue arising under state law." *Williams*, 460 F.3d at 807 (quotation marks omitted). In this Circuit, this can be done in one of four ways:

13

(1) reliance upon federal cases employing constitutional analysis;

(2) reliance upon state cases employing federal constitutional analysis;

(3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or

(4) alleging facts well within the mainstream of constitutional law.

*McMeans*, 228 F.3d at 681 (paragraph breaks added).

Failure to exhaust occurs where state court remedies are still "available at the time of the federal petition." *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). This failure to exhaust can also lead to a petitioner procedurally defaulting his claims. If the petitioner has not fully utilized his state remedies and has no legal mechanism by which to do so now, the claim he failed to present is procedurally defaulted, and this Court cannot act on the claim either. *See Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Williams v. Anderson*, 460 F.3d 789, 809 (6th Cir. 2006).

**B.      Procedural Default**

The procedural default doctrine limits federal review if the petitioner has failed to follow the state's procedural requirements for presenting his or her claim in state court. *See Coleman v. Thompson*, 501 U.S. 722, 732 (1991). This doctrine flows from the insight that courts must have the authority to insist that "defendants present their arguments on time and according to established procedures." *Benton v. Brewer*, 942 F.3d 305, 307 (6th Cir. 2019). Thus, a federal habeas court will not consider a habeas petition if "the last state-court judgment denying relief on the claim rests on a procedural state-law ground that is 'independent of the federal question and is adequate to support the judgement.'" *Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013) (quotation marks omitted).

14

This Circuit consults a four-part test to determine whether a petitioner has procedurally defaulted a claim. A petitioner procedurally defaults a claim if: (1) the petitioner fails to comply with a state procedural rule; (2) the state courts enforced the rule; (3) the state procedural rule is an adequate and independent state ground for denying review of a federal constitutional claim; and (4) the petitioner cannot show cause and prejudice excusing the default. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

Because the procedural-default bar to federal habeas review is harsh, courts have created safety-valves to permit review in limited circumstances. A petitioner can obtain review of procedurally defaulted claims if he or she shows: (1) "cause," *i.e.* that some external factor kept him from complying with the state rule or fairly presenting his claim; and (2) "prejudice," *i.e.* that, assuming the petitioner's constitutional claim has merit, there is a reasonable probability that a different verdict would have resulted if the alleged constitutional violation hadn't occurred. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Wogenstahl v. Mitchell*, 668 F.3d 307, 337 (6th Cir. 2012). A petitioner can also obtain review of a procedurally defaulted claim if the procedurally defaulted claim is based on new evidence that the petitioner was factually innocent of the crime of conviction. *See Coleman*, 501 U.S. at 750 ("fundamental miscarriage of justice" exception to procedural default); *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) (A "fundamental miscarriage of justice" can occur only when the procedurally defaulted claim would establish that the petitioner was "actually innocent."). But "[A]ctual[] innocen[ce]" means "factual innocence, not mere legal insufficiency."; *Bousley v. United States*, 523 U.S. 614, 623 (1998). To overcome procedural default, an actual innocence claim must be supported by "new reliable evidence . . . that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

## VII. Discussion

Burton raises three grounds for relief in his Petition before this Court. (ECF Doc. 1, pp. 8-16). His first two grounds for relief discuss the plea colloquy given before the sentencing court accepted his guilty plea. (*Id.* at pp. 8-14). His third ground asserts that the sentencing court violated his Due Process rights when it imposed court costs and fees on him without first determining his ability to pay. (*Id.* at p. 15).

### A. Burton's first ground for relief raises a claim not cognizable in federal habeas corpus review.

In his first ground for relief, Burton argues "that there did not exist sufficient factual basis to prove each of the essential elements of" the felonious assault offense to which he pled guilty. (ECF Doc. 1, p. 10). Further, because no factual basis was given, he claims he did not understand the nature of the charges against him. (*Id.* at p. 12). However, this claim is not available to him in federal habeas corpus review. Under AEDPA, an application for a writ of habeas corpus for a state petitioner shall not be granted unless the state's adjudication of the claim was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent. 28 U.S.C. § 2254(d)(1). Burton has not cited to any Supreme Court precedent that was violated in connection with the state court's acceptance of his guilty plea. Further, a "claim that the factual basis for a guilty plea was insufficient is not a cognizable claim for habeas corpus. The Constitution does not require a factual basis to establish a plea of guilty." *Watkins v. Lafler*, 517 F. App'x. 488, 500, (6th Cir. 2013), citing *United States v. Tunning*, 69 F.3d 107, 111 (6th Cir.1995).

In his Traverse, Burton cites to cases that stand for the proposition that the sentencing judge is required to "ensure that a defendant understands 'the essential elements of the offense to which he pleads guilty.'" (ECF Doc. 9, p. 4, quoting *U.S. v. Lockhart*, 947 F.3d 187, 196 (4th Cir.

2020)). However, the cases Burton cites are federal sentencing cases where Federal Rule of

Criminal Procedure 11 applies. That rule requires a federal sentencing court to "determine that

there is a factual basis for the plea" before entering judgment on the guilty plea. Fed. R. Crim P.

11(b)(3). However, Burton is a state prisoner, and as such the Ohio sentencing court was not

required to follow the federal rules. Therefore, the case law cited in his Traverse does not sway

my finding that his claim under Ground One is not cognizable in federal habeas review.

Accordingly, because the Constitution does not require trial courts to determine whether a

sufficient factual basis supports a guilty plea, Burton's first ground for relief is non-cognizable

on federal habeas review and I recommend that it be denied.

### B.     Ground Two does not raise a cognizable claim in federal habeas corpus review.

Next, Burton argues that his constitutional rights were violated when the state sentencing

court "patently and unambiguously failed to inform [him] of the consequences of his guilty

plea." (ECF Doc. 1, p. 13). Specifically, Burton argues that the sentencing court failed to explain

the consequences of his guilty plea when it failed to determine "'that the defendant [wa]s making

the plea voluntarily with the understanding of the nature of the charges'" and "the full range of

elements of the offense." (certain marks omitted)(*Id.* citing Ohio R. Crim. P. 11(C)(2)(a)). Burton

also asserts that his "plea could never be knowingly and intelligently made where he had no

knowledge, direction or notification by the court or defense counsel of his protected federal right

to jail-time credit[.]" (ECF Doc. 1, p. 14).

As previously discussed, the issue regarding the sentencing court's alleged failure to

explain the nature of the charges and elements of the offense during Burton's plea colloquy is not

cognizable in federal habeas review. Turning to the issue of awarding jail-time credit, this issue

is based exclusively in state sentencing statues and therefore not cognizable in federal habeas

review. *Howard v. White*, 76 F. App'x. 52, 53, (6th Cir. 2003) (affirming a district court's finding that the state sentencing court's decision regarding the award of jail-time credit was an issue of state sentencing law and therefore not cognizable in federal habeas review.). Burton has not cited to any federal law, statutory or otherwise, that implicates a federal right to notification of jail-time credit.

As a *pro se* litigant, Burton's filings must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam). "The allegations of a pro se habeas petition, though vague and conclusory, are entitled to a liberal construction," and "[t]he appropriate liberal construction requires active interpretation in some cases to construe a pro se petition to encompass any allegation stating federal relief" (internal quotation marks and citations omitted) *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985). However, these principles requiring liberal construction of *pro se* pleadings are not without their limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). "District courts are not required to conjure up questions never squarely presented to them or to construct full-blown claims from sentence fragments." *Walker v. Schweitzer*, 2020 WL 981431, at *14 (N.D. Ohio, Feb. 7, 2020) citing *Beaudett* at 1278. To do so would "require . . . [courts] to explore exhaustively all potential claims of a pro se plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett* at 1278; *see also Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) ("Although liberal construction requires active interpretation of the filings of a pro se litigant, . . . it . . . does not require a court to conjure allegations on a litigant's behalf . . . .") (internal citations omitted).

Even liberally construed, Burton's argument that his plea was constitutionally invalid because he was not informed of his right to jail-time credit does not contain sufficiently specific allegations to reasonably state a valid federal claim and therefore has not raised a claim cognizable under federal habeas review. I therefore recommend that this ground be denied.

### C. This Court does not have jurisdiction to review Burton's third ground for relief.

In his third and final ground, Burton argues that his due process rights were violated when the state sentencing court imposed fines without first assessing whether he had the means of paying them. (ECF Doc. 1, p. 15). I find that this Court lacks subject matter jurisdiction over this claim.

Pursuant to § 2254, this Court has subject matter jurisdiction over "claims that a person 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Dickerson v. United States*, 530 U.S. 428, 439 n. 3, (2000), quoting 28 U.S.C. § 2254(a). The Sixth Circuit has continually found that a claim related to a state court's imposition of fines, fees, or restitution does not meet the "in custody" threshold. *See, e.g., Washington v. McQuiggin*, 529 F. App'x. 766, 773 (6th Cir. 2013); *Michaels v. Hackel*, 491 F. App'x. 670, 671, (6th Cir. 2012); *United States v. Mays*, 67 F. App'x. 868, 869 (6th Cir. 2003) (per curiam). Accordingly, because the Court lacks subject matter jurisdiction over Burton's third ground for relief, I recommend that it be dismissed.

## VIII. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(1)(A), this Court will grant a certificate of appealability ("COA") for an issue raised in a § 2254 habeas petition only if the petitioner has made a substantial showing of the denial of a federal constitutional right. *Cunningham v. Shoop*, 817 F. App'x 223, 224 (6th Cir. 2020). A petitioner satisfies this standard by demonstrating that

19

reasonable jurists "could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (internal quotation marks omitted); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

As discussed above, Burton's first and second ground for relief related to his plea are not cognizable in this Court, because they deal solely with issues of state law or do not contain sufficiently specific allegations to reasonably state a valid federal claim. Moreover, his third ground for relief related to the imposition of fees, fines, and costs does not meet the "in custody" threshold required by § 2254 for subject matter jurisdiction. Thus, if the District Court accepts my recommendations, Burton will not be able to show that my conclusions in this Report and Recommendation are debatable. Therefore, I recommend that no certificate of appealability issue in this case.

## IX. Recommendation

For the foregoing reasons, I recommend denying grounds one and two as not cognizable and dismissing ground three for lack of jurisdiction. I further recommend that Burton be denied a certificate of appealability.

Dated: January 21, 2025

Reuben J. Sheperd
United States Magistrate Judge

_____

**Objections, Review, and Appeal**


Within 14 days after being served with a copy of this report and recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the magistrate judge. Rule 72(b)(2), Federal Rules of Civil Procedure; *see also* 28 U.S.C.§ 636(b)(1); Local Rule 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge.


\* \* \*

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, \*2 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).